IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-00263-01-CR-W-DGK |
| | ) | |
| LESTER E. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Pending before the Court is defendant Lester E. Brown's Motion to Strike Surplusage From the Indictment (Doc. #45). The government filed Suggestions in Opposition to Defendant Brown's Motion to Strike Surplusage From the Indictment (Doc. #46.)

I. DEFENDANT BROWN'S ARGUMENTS

Defendant Brown argues that the Court should strike the following paragraphs from the Indictment as they contain allegations of fact that are irrelevant to the charged conduct, inflammatory, and prejudicial:

    a.    Paragraphs 2 – 9[1] contain allegations related to the murder of Ryan Cobbins. The allegations contained in these paragraphs, according to the indictment, occurred in 2013, well before the conspiracy period charged in the indictment. Obviously, the four-year old homicide is wholly unrelated to the charges contained in the three counts of the indictment and is inflammatory and grossly prejudicial to Mr. Brown.

---

[1] Paragraphs 2 through 9 are contained in the General Allegations and Background section of the Indictment, under the heading of "The Murder of Christopher Harris' Friend and Associate Ryan Cobbins." (*See* Doc. #1 at 2-3.)

b. Paragraphs 12 – 15[2] fall under the title "BROWN's Previous Federal Felony and Supervised Release." Paragraphs 10 and 11 summarize Mr. Brown's 2014 arrest and conviction for the felony of being a felon in possession of a firearm. These two paragraphs are sufficient, if proved, to support an element of the crime charged in Count 3 of the indictment (being a felon in possession of a weapon) and adequately place Mr. Brown on notice of the charge against him. However, Paragraphs 12 through 15 discuss issues such as Mr. Brown's supervised release violations and the fact that he was involved in intimate relationships with two cooperating witnesses. All the information contained in these paragraphs is irrelevant to the elements of the offenses charged and inflammatory and prejudicial to Mr. Brown. . . .

c. Paragraph [19(ee)][3] alleges that after the murder of Mr. Harris, the defendants made arrangements to dispose of the firearm used to kill him. Both of the cyberstalking charges stated in Counts 1 and 2 of the indictment must necessarily have ended with the death of Mr. Brown, in that the charges require that the defendants placed Mr. Harris in reasonable fear of death or injury and caused him to have substantial emotional distress. Mr. Harris ceased having any emotional responses to the alleged cyberstalking at the time of his death. All events that occurred after that are not relevant to proving cyberstalking and are prejudicial to Mr. Brown.

(Doc. #45 at 2-3.) (citation and footnote omitted)

## II. THE GOVERNMENT'S RESPONSE

The government argues that paragraphs 2 through 9 provide important context for numerous overt acts set out in paragraph 19 of the Indictment and that "[t]hey aid in providing a clearer description of the complex manner and means of the crime of cyberstalking described in the indictment." (Government's Suggestions in Opposition at 3-4, Doc. #46.) Further, the

---

[2] Paragraphs 12 through 15 are contained in the General Allegations and Background section of the Indictment, under the heading of "BROWN's Previous Federal Felony and Supervised Release." (*See* Doc. #1 at 3-4.)

[3] While the Motion to Strike Surplusage From the Indictment references paragraph 19(cc), it is clear from the context that the intended reference is to paragraph 19(ee). Paragraph 19 alleges overt acts committed in furtherance of the charged conspiracy to commit cyberstalking (Count One of the Indictment). Paragraph 19(ee) states: "On or about March 14, 2018, made arrangements to get rid of the firearm, a Glock Model 21, .45 caliber pistol, Serial Number LGG671, which was used to kill Christopher Harris." (Doc. #1 at 11.)

2

government argues that it intends to introduce evidence at trial regarding Ryan Cobbins's murder as it goes to the state of mind of the victim (Christopher Harris), an element of the charge of stalking under 18 U.S.C. § 2261A. (Doc. #46 at 4.)

The government argues that paragraphs 12 through 15 are relevant to the knowledge element of the offense of knowingly being a felon in possession of a firearm (Count Three of the Indictment) and that they provide important timeline information, as well as information relating to pertinent addresses and the defendant's associates, as background and context for the allegations described in Counts One and Two of the Indictment. (Government's Suggestions in Opposition at 5-6, Doc. #46.)

With respect to paragraph 19(ee), the government argues that the alleged conspiracy did not end with the death of Christopher Harris, as efforts to conceal evidence of the alleged stalking and murder of Harris actually further that conspiracy. (Government's Suggestions in Opposition at 6-7, Doc. #46.) Thus, paragraph 19(ee) is relevant as it alleges an overt act in furtherance of the conspiracy. (*Id.* at 6.)

### III. DISCUSSION

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states that "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 7(d) states that the court, on motion of the defendant, may strike surplusage from the indictment. In *United States v. Lewis*, Case No. 1:18 CR 81 SNLJ (ACL), 2019 WL 1715661 (E.D. Mo. March 18, 2019), *report and recommendation adopted*, 2019 WL 1715640 (E.D. Mo. Apr. 17, 2019), the court provided the following guidance:

> While Federal Rule of Criminal Procedure 7(d) permits the Court to strike surplusage from an indictment upon a defendant's motion, such motions "are not

3

> granted lightly, and carry a significant burden of persuasion." *United States v. Augustine Med. Inc.*, No. CRIM. 03-321 (1-8) ADM, 2004 WL 502183, at *4 (D. Minn. Mar. 11, 2004) (unpublished). The court's authority to strike surplusage is permissive rather than mandatory, and motions to strike surplus language from the indictment "should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *United States v. Figueroa*, 900 F.2d 1211, 1218 (8th Cir. 1990) (citing *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962)). In cases of factual and legal complexity, background information is particularly helpful for providing context to the alleged criminal conduct." *Augustine Med. Inc.*, 2004 WL 502183, at *4.

*Lewis*, 2019 WL 1715661, at *6.

The Court finds that the alleged criminal conduct is complex. The Court further finds that, for the reasons set forth by the government in its response to the defendant's motion, the paragraphs of the Indictment which have been challenged by defendant Brown are neither irrelevant nor inflammatory and prejudicial and that they provide useful context to the allegations made in the Indictment. Therefore, the Court will not strike them.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED that defendant Brown's Motion to Strike Surplusage From the Indictment (Doc. #45) is denied.

                                           */s/ Lajuana M. Counts*
                                           Lajuana M. Counts
                                           United States Magistrate Judge